# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Case No. 16-cv-62202-BLOOM/Valle
### IN ADMIRALTY

CAPTAIN JANZ STAATS,
an individual,

      Plaintiff,

v.

UNIVERSAL MARINE CENTER, INC.,

      Intervenor Plaintiff,

v.

M/Y GOLDEN COMPASS,
*a 1982 41.5 meter Motor Yacht, Marshall Islands*
*IMO Number 8737623, her engines, tackle, rigging,*
*dinghies, equipment, appurtenances, furniture, etc.,* in rem,

      Defendant/Intervenor Defendant,

D.N.I. PARTNERS, INC.,

      Claimant/Intervenor Defendant.

_____/

## <u>ORDER</u>

      **THIS CAUSE** is before the Court upon Plaintiff Captain Janz Staats' ("Staats") Motion to Tax Costs Out of Time, ECF No. [122] ("Motion"). The Court has reviewed the Motion, all supporting and opposing filings, the record in this case, and is otherwise fully advised. For the reasons that follow, the Motion is granted in part and denied in part.

      Plaintiff, Captain Janz Staats ("Staats"), filed a Verified Complaint *in rem* under the Federal Maritime Lien Act to foreclose a preferred maritime lien encumbering the M/Y Golden Compass (the "Vessel") for unpaid seaman's wages. *See* ECF No. [1]. On August 16, 2017, Staats entered into a Consent Judgment by which he was entitled to recover "the principal amount

of $17,666.00, plus costs as defined by 28 U.S.C. § 1920 (to be taxed by separate motion), plus post-judgment interest at the statutory rate provided in 28 U.S.C. § 1961." *See* ECF No. [107]. Significantly, the parties submitted a proposed Consent Judgment containing this language, which the Court adopted. *Compare* ECF No. [103-1] *with* [107]. Nowhere in the proposed Consent Judgment did the parties agree to alter the deadline for the filing of a motion to tax costs pursuant to 28 U.S.C. § 1920 until after the sale of the Vessel. *See* ECF No. [103-1]. Moreover, at no point in time did Staats request an extension of time to file a motion to tax costs until after the sale of Vessel. Instead, more than three months after the entry of the Consent Judgment, Staats now belatedly seeks to tax costs and argues – without any citation to supporting case law – that this Court can simply tax costs out of time for good cause when there is no prejudice to the opposing party and when the "delay was caused by simple oversight on the part of counsel." *See* ECF No. [122] at 3.

Local Rule 7.3(c) sets forth the procedure by which a party must seek to tax costs pursuant to 28 U.S.C. § 1920 as Staats attempts to do here. It provides:

> **(c) Bill of Costs.** A bill of costs pursuant to 28 U.S.C. § 1920 **shall** be filed and served **within thirty (30) days of entry of final judgment** or other appealable order that gives rise to a right to tax costs under the circumstances listed in 28 U.S.C. § 1920. Prior to filing the bill of costs, the moving party shall confer with affected parties under the procedure outlined in S.D.Fla.L.R.7.1(a)(3) in a good faith effort to resolve the items of costs being sought.
>
> An application for a bill of costs must be submitted on form (or in form substantially similar to) AO 133 of the Administrative Office of the United States Courts and shall be limited to the costs permitted by 28 U.S.C. § 1920. Expenses and costs that the party believes are recoverable although not identified in § 1920 shall be moved for as provided in paragraph 7.3(a) above. The bill of costs shall attach copies of any documentation showing the amount of costs and shall be supported by a memorandum not exceeding ten (10) pages. **The prospects or pendency of supplemental review or**

**appellate proceedings shall not toll or otherwise extend the time for filing a bill of costs with the Court.**

S.D. Fla. L. R. 7.3(c) (emphasis added). Thus, Local Rule 7.3(c) requires – in mandatory terms - that the moving party file and serve a Bill of Costs within thirty days of the entry of judgment, which in this case imposed a deadline of September 15, 2017. It further provides that this deadline will not be tolled or extended simply because of the pendency or possibility of supplemental review or appellate proceedings, further cementing the mandatory nature of the 30-day deadline. In this case, Staats filed his Motion and Bill of Costs on November 22, 2017 – more than sixty days after the deadline. Not only does Staats not provide any authority to extend this deadline, but the Court finds no support for this request in Local Rule 7.3(c) or the case law interpreting this rule. Addressing a similar question of timeliness, other courts within this district have stated:

> The County also argues that its motion should not be denied as untimely because the plaintiff was not prejudiced by the late filing. The County does not cite any authority that the lack of prejudice is sufficient to obviate the deadlines for postjudgment motions provided by rule. To the contrary, rule limitations on postjudgment motions serve an important policy of repose and closure. *Cf. Slader v. Pearle Vision, Inc.,* 199 F.R.D. 125, 126 (S.D.N.Y.2001) ("the mandatory 14–day limit for seeking attorneys' fees should not be lightly disturbed"). The comments to Local Rule 7.3 also indicate that the deadlines for fees and costs motions are intended to act as bright-line cutoff points, similar in nature to statutes of limitation. Comments Section, Local Rule 7.3 (1999) ("in no event may a motion for fees or costs be made later than the date provided for in this rule"); *see also Klayman v. Freedom's Watch, Inc.,* No. 07–22433, 2008 U.S. Dist. LEXIS 118672, at *4–5 (S.D.Fla. Aug. 7, 2008). Lack of prejudice alone is not sufficient cause to override the procedures imposed by the Local Rules.

*Allen-Johnson v. Miami-Dade Cty.,* No. 10-23627-CIV, 2012 WL 160070, at *2 (S.D. Fla. Jan. 18, 2012).

To allow Staats to tax costs out of time simply because counsel inadvertently missed the deadline by more than sixty days would render the procedure outlined in Local Rule 7.3(c) meaningless. And, contrary to Staats' bare-bones assertion that Jaffe will not be prejudiced by the taxation of costs, the Court finds that Jaffe would indeed be prejudiced in that he would be forced to pay $4,001.17 in costs that are procedurally time barred. If Staats wanted to recover his costs, the onus was on him to *timely* file a motion pursuant to 28 U.S.C. § 1920, but he failed to do so. The Court will not excuse Staats' unexplained failure to Jaffe's detriment. Accordingly, it is

**ORDERED AND ADJUDGED** that Staats' Motion to Tax Costs Out of Time, **ECF No. [122]**, is **DENIED.**

**DONE AND ORDERED** in Miami, Florida, this 20th day of December, 2017.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

4